UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

LARRY and VALERIE SMITH, )
   Plaintiff; )
 )
-vs.- )    No. CV-96-P-2642-S
 )
PNC MORTGAGE CORP., )
   Defendant. )
 )

FILED 98 APR 21 PM 12: 06 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED APR 2 1 1998

<u>OPINION</u>

    The defendant, PNC Mortgage Corporation of America, filed a motion for summary judgment which was considered at the court's April 20, 1998, motion docket. For the following reasons, this motion is due to be granted.

Facts

    On September 3, 1997, the court entered an order dismissing all of the plaintiffs' causes of action, except a claim for the tort of outrage regarding the defendant's alleged conduct that occurred after March 15, 1996.

    According to the plaintiffs, after March 1996, PNC held mortgage payments mailed by the plaintiffs and erroneously sent delinquency notices to the Smiths. Specifically, the plaintiffs allege that the Smiths were sent monthly billing statements that did not take into consideration the bankruptcy status of the loan and conveyed to the Smiths that they owed PNC the amount of money reflected on the statements, which was more than was actually owed in light of their Chapter 13 bankruptcy status. These statements also indicated that the loan was in past due status and that they were incurring late charges. On October 21, 1996, PNC erroneously returned the



Smith's monthly payment with a letter that indicated that the amount sent was insufficient to bring the loan current and thus could not be accepted. On October 29, 1996, PNC wrote a letter apologizing for the October 21 letter and explaining the confusion that had caused it to be sent.

## Analysis

Under Alabama law, the tort of outrage requires that the plaintiffs prove that the defendant intentionally or recklessly caused severe emotional distress to the plaintiff through extreme and outrageous conduct. The defendant's conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. The emotional distress suffered by the plaintiff must be so severe that no reasonable person could be expected to endure it.

Even taking all of the plaintiffs' allegations as true, and viewing those facts in a light most favorable to them, the court finds that these allegations do not rise to the level sufficient to support a claim for outrage. The allegations are not so egregious as to allow a reasonable jury to conclude that the plaintiffs have suffered a legal outrage.

## Conclusion

Accordingly, the Defendant's Motion for Summary Judgment is due to be granted and the Plaintiffs' case is due to be dismissed with prejudice.

Dated: April 2/, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Robert E. Sasser
    Stephen G. Collins
    John F. Kizer, Jr.